IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:25-CV-00634

| | |
|---|---|
| **THE NORTH CAROLINA STATE BAR** <br> Plaintiff, <br><br> v. <br><br> **TAYLOR MORGAN DANT** <br> Defendant | **BRIEF IN SUPPORT OF MOTION TO REMAND** |

## NATURE OF THE CASE

Taylor Morgan Dant ("Attorney Dant") seeks to remove to this Court attorney discipline preliminary injunction proceeding commenced against her by the North Carolina State Bar in Wake County, North Carolina.

## STATEMENT OF THE FACTS

On 7 April 2025, the North Carolina State Bar's Office of Counsel ("State Bar") filed a Motion for Temporary Restraining Order and Petition for Preliminary Injunction in Wake County Superior Court. (Attachment A—Motion for Temporary Restraining Order and Petition for Preliminary Injunction, related exhibits removed). The Motion for Temporary Restraining Order and Petition for Preliminary Injunction alleged that Attorney Dant engaged in a widespread pattern of willful misconduct or, alternatively, suffers

from a mental and/or physical condition that "significantly impairs [her] professional judgment, performance, or competence as an attorney," as defined by 27 N.C. Admin. Code Chapter 1B § .0103(19), and therefore posed a significant risk of harm to clients, the public, and the administration of justice. Following a hearing on 14 April 2025 at which Attorney Dant did not appear, the Honorable G. Bryan Collins issued a temporary restraining order enjoining Attorney Dant from the practice of law. (Attachment B—Temporary Restraining Order). Judge Collins also scheduled the State Bar's Petition for Preliminary Injunction for hearing on 21 April 2025. The Temporary Restraining Order was served upon Attorney Dant by mailing via the U.S. Postal Service, via e-mail to her e-mail on file with the State Bar, and via the Wake County eCourts File & Serve platform.

On 21 April 2025, the Honorable George R. Hicks, III heard the State Bar's Motion for Preliminary Injunction. Attorney Dant did not appear at the hearing. Following the hearing, Judge Hicks entered a preliminary injunction enjoining Attorney Dant from the practice of law until such time as she can prove to the satisfaction of the court, by clear, cogent, and convincing evidence via a completed mental health evaluation by a qualified mental health practitioner that she does not have "a mental and/or physical condition which significantly impairs her professional judgment, performance or competence as

an attorney." (Attachment C—Preliminary Injunction). The Preliminary Injunction was served upon Attorney Dant via U.S. Postal mail, via e-mail to her e-mail on file with the State Bar, and via Wake County's eCourts File & Serve platform.

On 19 July 2025, Attorney Dant filed a Notice of Removal contending that her injunction proceeding should be heard in the U.S. District Court.

ARGUMENT

The Court should remand this case to the Wake County Superior Court for two reasons. First, Attorney Dant has not established that this Court has subject matter jurisdiction over this case. Second, this removal is procedurally defective for improper venue because Attorney Dant did not file her notice of removal in "the district court of the United States for the district and division within which [her case] is pending." 28 U.S.C. § 1446(a).

*A. Attorney Dant has not established that this Court has subject matter jurisdiction over this case.*

A party seeking removal has the burden of establishing that removal is proper and that the federal court has subject matter jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal statutes are strictly construed, such that if "federal jurisdiction is

Page **3** of **9**

Case 1:25-cv-00634-CCE-LPA     Document 4     Filed 07/22/25     Page 3 of 9

doubtful" remand is required. *Id.* A federal court should "presume ... that a case lies <u>outside</u> its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original).

Attorney Dant has not, and cannot, demonstrate that the proceeding she seeks to remove includes a claim arising out of the Constitution or laws of the United States. It is difficult to conceive of an action more intimately tied to the powers of the state judiciary than a proceeding rooted in the inherent power of North Carolina judges to regulate the conduct of North Carolina-licensed attorneys appearing in North Carolina courts. The claims in the underlying injunction proceeding are based on alleged violations of the North Carolina Rules of Professional Conduct. As the Supreme Court of the United States emphatically noted in *Ex parte Lockwood*, "the right to control and regulate the granting of a license to practice law in the courts of a State is one of those powers that was *not* transferred for its protection to the federal government." 154 U.S. 116, 117 (1894) (emphasis added). *See also, Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 438 (1982) (Brennan, J. concurring) (noting that the "traditional and primary responsibility of state courts for establishing and enforcing standards for members of their bars and the quasi-criminal nature of bar disciplinary

proceedings . . . calls for exceptional deference by the federal courts"). *Cf. Matter of Gorence*, 810 F. Supp. 1234, 1238 (D.N.M. 1992) (recognizing "various policy considerations which support leaving the power to regulate and review disciplinary proceedings to state courts").

Attorney Dant asserts that 28 U.S.C. § 1343, 1441, 1442, 1443, 1446, and 42 U.S.C. § 1985 grant this Court original jurisdiction over the Temporary Restraining Order she seeks to remove. Yet, Attorney Dant does not offer any credible explanation about how those provisions grant this Court original jurisdiction to decide whether an attorney should be enjoined from the practice of law based upon alleged violations of the Rules of Professional Conduct in her state of licensure. Instead, Attorney Dant argues that those provisions of the U.S. Code grant this court original jurisdiction due to an alleged cryptic, and at-times simply indecipherable, State-wide conspiracy against herself and her clients by numerous actors including the State Bar.

Even if Attorney Dant's allegations of a conspiracy were well-grounded, her assertion of federal law is not. To determine whether a claim arises under the Constitution or laws of the United States, courts "examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon

those laws or that Constitution.'" *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted). The Preliminary Injunction in Attorney Dant's case "alleges professional misconduct in violation of the [state] Rules of Professional Conduct. It is [the] Respondent[-Attorney] who brings a constitutional defense into play. The law is well settled: A federal defense provides no basis for removal." *Grievance Adm'r, Att'y Grievance Comm'n, Michigan v. Fieger*, 409 F. Supp. 2d 858, 866 (E.D. Mich. 2005).

Moreover, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). *See also*, *Middlesex County Ethics Cmte v. Garden State Bar Ass'n*, 457 U.S. 423, 435-436 (1982) (holding that a federal court should abstain from asserting jurisdiction over a state attorney disciplinary proceeding where there was "adequate opportunity for respondent . . . to raise his constitutional claims" during the state-level proceeding). Even if Attorney Dant had offered more than a conclusory opinion that the State proceeding implicates her constitutional rights, she "fails utterly to demonstrate that [her] federal civil rights cannot be protected in State court." *Frazier v. N.C. State Bar et al.*, No.

Page **6** of **9**

Case 1:25-cv-00634-CCE-LPA     Document 4     Filed 07/22/25     Page 6 of 9

98-CV-786 (E.D.N.C. April 28, 1999) (order remanding contempt proceedings against attorney to State tribunals—copy filed herewith as Attachment D).

B. *This remand is procedurally defective for improper venue.*

Attorney Dant's removal of this State court proceeding to the U.S District Court for the Middle District of North Carolina is procedurally defective as it is filed in the wrong venue.

28 U.S.C. 1446(a) requires that a "defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal.". Attorney Dant removed this case to the District Court of the United States for the Middle District of North Carolina. To the extent that the underlying matter is still "pending," it is—or was prior to Attorney Dant filing her notice of removal—pending in Wake County Superior Court. Wake County lays squarely within the territorial jurisdiction of the District Court of the United States for the Eastern District of North Carolina per 28 U.S.C. § 113(a). Thus, Attorney Dant has not satisfied the procedural requirements for removal under 28 U.S.C. 1446(a), and this Court does not have jurisdiction.

## CONCLUSION

Attorney Dant has failed to demonstrate that this Court has jurisdiction over her preliminary injunction and her effort to remove that matter to Federal District Court is unsupported by law. The State Bar's Office of Counsel requests that this Court enter an order remanding this cause of action to Wake County Superior Court for any further proceedings.

Respectfully submitted,

/s/ Kelley A. DeAngelus, Deputy Counsel
North Carolina Bar #32649
The North Carolina State Bar Office of Counsel
P.O. Box 25908, Raleigh, NC 27611
Email: KDeAngelus@ncbar.gov
Telephone: (919) 719-9233

## **CERTIFICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing Brief in Support of Motion to Remand complies with the word limitations of L.R. 7.3 and contains 1,510 words.

This the 22st day of July, 2025.

/s/ Kelley A. DeAngelus, Deputy Counsel
North Carolina Bar #32649

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:25-CV-00634

| | |
|---|---|
| **THE NORTH CAROLINA STATE BAR**<br>                 Plaintiff,<br><br>v.<br><br>**TAYLOR MORGAN DANT**<br>                 Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on 22 July 2025, I electronically filed the foregoing Brief in Support of Motion to Remand with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to Taylor Morgan Dant:

Taylor Morgan Dant
P.O. Box W. Market Street
Colfax, North Carolina 27235-9622
Email: td@dantlegal.com
Telephone: 919-726-4812

Respectfully submitted,

                                          /s/ Kelley DeAngelus, Deputy Counsel
                                          North Carolina Bar #32649
                                          The North Carolina State Bar Office of Counsel
                                          P.O. Box 25908
                                          Raleigh, NC 27611
                                          Email: KDeAngelus@ncbar.gov
                                          Telephone: (919) 719-9233