**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

THE NORTH CAROLINA STATE BAR,   )
                                      )
        Plaintiff,          )
                                        )
        v.                 )      1:25CV634
                                        )
TAYLOR MORGAN DANT,          )
                                        )
        Defendant.      )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant's Motion to Proceed Forward In Forma Pauperis (the "IFP Motion") (Docket Entry 2), filed in conjunction with Defendant's Notice of Removal (Docket Entry 1). The Court will grant the IFP Motion for the sole purpose of entering an order remanding this case to state court for lack of subject matter jurisdiction.[1]

## LEGAL BACKGROUND

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure

_____

[1] For reasons stated in <u>William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc.</u>, No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand. <u>Accord, e.g.</u>, <u>Abercrombie v. Carolina Speech & Hearing, Inc.</u>, No. 1:24CV242, 2024 WL 4800191, at *1 n.1 (W.D.N.C. Nov. 15, 2024) (unpublished).

the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953
(4th Cir. 1995) (en banc) (italics omitted) (quoting <u>Adkins v. E.I.</u>
<u>DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing
with filing fees, however, [is] not without its problems. . . . In
particular, litigants suing in forma pauperis d[o] not need to
balance the prospects of successfully obtaining relief against the
administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr.</u>
<u>Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004). To address this
concern, the in forma pauperis statute provides, inter alia, that
"the [C]ourt shall dismiss the case at any time if the [C]ourt
determines that . . . the action . . . is frivolous . . . ." 28
U.S.C. § 1915(e)(2).

    "The word 'frivolous' is inherently elastic and not
susceptible to categorical definition. . . . The term's
capaciousness directs lower courts to conduct a flexible analysis,
in light of the totality of the circumstances, of all factors
bearing upon the frivolity of a claim." <u>Nagy</u>, 376 F.3d at 256-57
(some internal quotation marks omitted). In considering such
matters, this Court may "apply common sense." <u>Nasim</u>, 64 F.3d at
954. Courts regularly remand removal cases at the required initial
review of in forma pauperis applications based on frivolousness due
to lack of subject matter jurisdiction. <u>See, e.g.</u>, <u>Wake Cnty. Hum.</u>
<u>Servs. v. Davis</u>, No. 5:12CV413, 2012 WL 7856618 (E.D.N.C. Oct. 24,
2012) (unpublished), <u>recommendation adopted</u>, 2012 WL 7856619

(E.D.N.C. Dec. 12, 2012) (unpublished), aff'd, 530 F. App'x 272
(4th Cir. 2013); Franklin Credit Mgmt. Corp. v. Bryson, No.
1:09CV246, 2009 WL 2151052 (W.D.N.C. July 15, 2009)
(unpublished); Fuller v. Evans, No. 1:05CV13, 2005 WL 1743955
(M.D.N.C. Mar. 24, 2005) (unpublished) (Bullock, J.). Put another
way, because the Court possesses "an independent obligation to
determine whether subject-matter jurisdiction exists," Hertz Corp.
v. Friend, 559 U.S. 77, 94 (2010), "[a]s part of th[e] frivolity
review under § 1915(e)(2), the Court may consider whether it has
subject matter jurisdiction," Gateway Plaza Greensboro, LLC v.
Spigner, No. 1:22CV1047, 2022 WL 22839643, at *1 (M.D.N.C. Dec. 29,
2022) (unpublished) (Peake, M.J.), recommendation adopted, slip op.
(M.D.N.C. Jan. 30, 2023) (Eagles, J.); accord, e.g., Glenn v.
Glenn, No. 1:21CV510, 2021 WL 12157701, at *2 (M.D.N.C. Dec. 16,
2021) (unpublished) (Webster, M.J.), recommendation adopted, 2022
WL 21828633 (M.D.N.C. Jan. 11, 2022) (unpublished) (Biggs, J.).

Importantly, "[t]he burden of demonstrating jurisdiction
resides with the party seeking removal." Dixon v. Coburg Dairy,
Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal
quotation marks omitted). In assessing whether a defendant has
carried that burden, the Court must "construe removal jurisdiction
strictly because of the significant federalism concerns implicated.
Therefore, if federal jurisdiction is doubtful, a remand to state

3

court is necessary." Id. (internal brackets, citation, and quotation marks omitted).

DISCUSSION

The Notice of Removal asserts that Defendant "[r]emoved [this action] from[ the] Superior Court[ of] North Carolina [in] Wake County." (Docket Entry 1 at 1; accord id. at 25; see also id. at 10 ("[O]n April 4, 2025, purportedly, the North Carolina Bar . . . filed a 'Complaint' in the State of North Carolina, General Court of Justice, Wake County, North Carolina, Superior Court Division."); Docket Entry 1-1 ("Case Summary" for "Case No. 25CV011675-910" between above-captioned parties in "Wake Superior Court" (bold font omitted)).) According to the Notice of Removal, "Defendant is a licensed attorney in the State of North Carolina" (Docket Entry 1 at 1), "Plaintiffs [sic] are the North Carolina State Bar, an agency of the State of North Carolina" (id. at 2), and (via this removed action) Plaintiff has "attempt[ed] to declare Defendant double-mentally-ill" (id. at 10; see also id. at 12 (alleging that Plaintiff "filed for and drafted an [o]rder enjoining Defendant from the practice of law," subsequently entered by the Wake County Superior Court, which "requires Defendant to . . . withdraw from her clients' cases" (emphasis omitted)), 13 (indicating that, due to entry of that order, Defendant now "can be charged for committing a crime of 'Unauthorized Practice of Law' at

4

any time"), 19 (alleging that "Wake County [Superior Court] . . . ordered [Defendant] into involuntary servitude")).

As an initial matter, Defendant did not comply with the requirement that "[a] defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district . . . <u>within which such action is pending</u> a notice of removal . . . ." 28 U.S.C. § 1446(a) (emphasis added); <u>see also</u> 28 U.S.C. §§ 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . <u>embracing the place where such action is pending</u>." (emphasis added)), 1442(a) (authorizing removal only "to the district court of the United States for the district . . . <u>embracing the place wherein [the state court action] is pending</u>" (emphasis added)), 1443 (same). Per the allegations of (and attachment to) the Notice of Removal (as documented above), at the time Defendant filed the Notice of Removal, this action "[wa]s pending," 28 U.S.C. §§ 1441(a), 1442(a), 1443, 1446(a), in Wake County, North Carolina, which lies in the Eastern District of North Carolina, <u>see</u> 28 U.S.C. § 113(a); <u>see also</u> <u>Americredit Fin. Serv., Inc. v. Pinnix</u>, No. 5:19CV213, 2019 WL 4593579, at *2 (D.S.C. Sept. 23, 2019) (unpublished) (Childs, J.) ("Wake County is in the Eastern District

5

of North Carolina."). "Therefore, the Eastern District of North Carolina is the only appropriate district for removal of this action . . . ." Americredit Fin., 2019 WL 4593579, at *2.

"Removal to an improper district is a substantial defect in removal procedure." Butler v. North Carolina Dep't of Transp., 154 F. Supp. 3d 252, 254 (M.D.N.C. 2016) (Schroeder, J.) (internal quotation marks omitted). "However, case law is not settled as to whether removal of a state court action to the wrong district court creates a procedural or jurisdictional defect." Americredit Fin., 2019 WL 4593579, at *2; see also Butler, 154 F. Supp. 3d at 254 ("The removal statute does not create jurisdiction, but merely provides a procedural mechanism that 'enables federal courts to hear cases that are already within their original jurisdiction.'" (internal brackets omitted) (quoting Lontz v. Tharp, 413 F.3d 435, 444 (4th Cir. 2005))). Regardless, the Court must remand this action "[b]ecause jurisdiction is established based on the allegations of [ P]laintiff's complaint filed in state court . . . [and] the aforementioned claim [against Defendant in this action] does not provide subject matter jurisdiction." Americredit Fin., 2019 WL 4593579, at *3 (internal brackets and quotation marks omitted); see also 28 U.S.C. § 1447(c) ("If at any time before

6

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

To that end, the Notice of Removal states that Defendant removed this action "pursuant to 28 U.S.C. §§ 1343, 1441, 1442, 1443, 1446, 42 U.S.C. § 1985, and this Court's Local Rules . . . ." (Docket Entry 1 at 1; see also id. at 25 ("Defendant respectfully gives notice that th[is] civil action . . . is hereby removed to this Court pursuant to 28 U.S.C. §§ 1343, 1441, 1442, 1443, 1446.").) For starters, the Court's Local Rules do not address removal. See M.D.N.C. LR 1.1 - 83.12. Moving on to the federal statutes cited by Defendant, the Court notes first that a "review of the statutory construction of § 1446," Richardson v. Halcyon Real Est. Servs., LLC, No. 2:18CV2389, 2018 WL 4629245, at *2 (D.S.C. Sept. 27, 2018) (unpublished), confirms that, although its "procedural requirements . . . impact the outcome of removal," id. (internal brackets and quotation marks omitted), "these requirements do not determine whether a basis for federal jurisdiction exists in the first instance," id. (emphasis added) (internal quotation marks omitted); see also Brum v. County of Wood, No. 6:07CV405, 2008 WL 3094586, at *3 (S.D. W. Va. Aug. 4,

_____

[2] Given the lack of subject matter jurisdiction, the Court also need not consider whether Defendant complied with the time limit for filing a removal notice, see 28 U.S.C. § 1446(b)(1).

2008) (unpublished) (observing that "Section 1446 involves procedural aspects" and "do[es] not provide a basis for removal").

By contrast, Section 1441 does address removal <u>jurisdiction</u>, by declaring that, in general, "any civil action brought in a State court <u>of which the district courts of the United States have</u> <u>original jurisdiction</u>[] may be removed by the defendant . . . ." 28 U.S.C. § 1441(a) (emphasis added). Following that line, Defendant has asserted that, "[p]ursuant to 28 U.S.C. § 1343, this Court has original jurisdiction of any civil action authorized by law to be commenced by any person." (Docket Entry 1 at 21.) In fact, Section 1343 does <u>not</u> sweep that broadly, but instead makes this more limited grant of jurisdiction:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of <u>any conspiracy mentioned in</u> <u>section 1985 of Title 42</u>;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing <u>any wrongs mentioned in</u> <u>section 1985 of Title 42</u> which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of <u>any right, privilege or immunity secured by the</u> <u>Constitution of the United States or by any Act of</u> <u>Congress providing for equal rights of citizens or of all</u> <u>persons within the jurisdiction of the United States</u>;

> (4) To recover damages or to secure equitable or other relief under <u>any Act of Congress providing for the protection of civil rights</u>, including the right to vote.

28 U.S.C. § 1343(a) (emphasis added).[3]

In an effort to shoehorn this case into that more restrictive jurisdictional grant, the Notice of Removal alleges as follows:

1) "[p]ursuant to 28 U.S.C. § 1343(a)(1)[ and] 42 U.S.C. § 1985(1)[, Plaintiff and two North Carolina State Bar Counselors] conspired to prevent by force, intimidation and threat Defendant from holding any trust or place of confidence in th[is ] Court . . . and the United States Court of Appeals for the Fourth Circuit" (Docket Entry 1 at 21 (space added); <u>see also</u> <u>id.</u> (stating that "Defendant has been forced to leave her cases in the Middle District[] and Fourth Circuit" (internal brackets omitted)));

2) "[p]ursuant to 28 U.S.C. § 1343(a)(1) and 42 U.S.C. § 1985(2)[, Plaintiff and two North Carolina State Bar Counselors] . . . conspired to deter, by force, intimidation, or threat, Defendant and her clients in any court of the United States from attending such court, or from testifying to any matter pending

---

[3] The general federal-question jurisdiction statute also covers all the ground covered by Section 1343(a). <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); <u>see also</u> <u>Winstead v. J.C. Penney Co., Inc.</u>, 933 F.2d 576, 580 (7th Cir. 1991) ("[T]he elimination of the minimum amount in controversy from [S]ection 1331 made of the numerous special federal jurisdictional statutes that required no minimum amount in controversy (28 U.S.C. §§ 1337, 1340, and 1343 and many others) so many beached whales . . . .").

9

therein" (id. at 22), "to injure such party or witness in their person or property on account of her having so attended or testified" (id. (internal brackets omitted)), and/or "to influence the verdict, presentment, or indictment of any grand or petit juror in any such court" (id.; see also id. (appearing to allege that Plaintiff and two North Carolina State Bar Counselors "conspir[ed] for the purpose of impeding, hindering, obstructing, or defeating . . . the due course of justice in North Carolina, the Middle District and the Fourth Circuit with intent to deny Defendant and her clients the equal protection of the laws, and to injure her or her property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws" (internal brackets omitted)));

3) "[p]ursuant to 28 U.S.C. § 1343(a)(1)[ and] 42 U.S.C. § 1985(3)[, Plaintiff], through [two North Carolina State Bar Counselors], conspired to serve Defendant in clients [sic] she did not represent by travelling [sic] from Raleigh to Davidson County, and attempting to serve Defendant" (id. (space added); see also id. (appearing to allege that conspiracy also involved "travelling [sic] to the Middle District to watch [a] hearing for the purposes of depriving Defendant [of] equal protection of the law," as well as "remaining silent in the lack of service, lack of complaint, and lack of law regarding [this and related] actions")));

10

4) "[p]ursuant to 28 U.S.C. § 1343(a)(3), [Defendant seeks] to redress the deprivation, under color of North Carolina [s]tate law, statute, ordinance, regulation, custom or usage . . . of Defendant['s rights under the] First, Fourth, Fifth, Sixth, Eleventh and Fourteenth Amendments to the United States Constitution" (id. at 23; see also id. (alleging that "this action includes a claim arising under the Constitution, laws and treaties of the United States")); and

5) "[p]ursuant to 28 U.S.C. § 1343(a)(4)[, Defendant seeks] to recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights" (id.).

By invoking Section 1985 (see id. at 21-22), federal constitutional amendments (see id. at 23), and "Act[s] of Congress providing for the protection of civil rights" (id.), Defendant evidently "contends that she properly removed this action to this [C]ourt because the disciplinary proceeding involves a right arising out of the Constitution, laws, or treaties of the United States," North Carolina State Bar v. Crump, No. 5:22CV371, 2022 WL 17176839, at *2 (E.D.N.C. Nov. 23, 2022) (unpublished) (internal quotation marks omitted). That contention falls short, as "[t]he practice of law is not a right or privilege granted by the Constitution and laws of the United States." West Virginia State Bar v. Bostic, 351 F. Supp. 1118, 1121 (S.D. W. Va. 1972). "[I]t is rather a privilege, the supervision and regulation of which

11

naturally and logically belongs to the judicial department of the state government." Id. (internal quotation marks omitted); see also State Bar of Nevada v. Allen, No. 2:22CV1014, 2023 WL 319822, at *1 (D. Nev. Jan. 19, 2023) (unpublished) ("[R]egulating the conduct of the attorneys [a state] licenses . . . is the purview of state courts.").[4]  As a result, "[s]tate disciplinary actions against [attorneys] do not arise under the Constitution, laws, or treaties of the United States." Ligon v. Bloodman, No. 4:18CV325, 2018 WL 10667260, at *2 (E.D. Ark. June 4, 2018) (unpublished), aff'd, 788 F. App'x 412 (8th Cir. 2019).

In other words, the "attempted invocation of the [C]ourt's jurisdiction under 28 U.S.C. § 1343 fails under the well-pleaded-complaint rule, which requires that 'the federal question must be presented on the face of the plaintiff's properly pleaded complaint to confer jurisdiction.'" Harr v. WRAL-5 News, No. 5:20CV362, 2021 WL 141697, at *2 (E.D.N.C. Jan. 14, 2021) (unpublished) (internal brackets omitted) (quoting Owen v. Carpenters' Dist. Council, 161

_____

[4] Consistent with the above-quoted principle, under North Carolina law, "[u]pon application by the North Carolina State Bar, misconduct by an attorney . . . may be restrained or enjoined where the necessity for prompt action exists regardless of whether a disciplinary proceeding in the matter of the conduct is pending." N.C. Gen. Stat. § 84-28(f); see also id. ("The application shall be filed in the Superior Court of Wake County . . . ."). This case involves such an application. See North Carolina State Bar v. Dant, No. 25CV011675-910, slip op. at 6 (N.C. Super. Ct., Wake Cnty. Apr. 22, 2025) ("This matter is properly before the Wake County Superior Court pursuant to N.C. Gen. Stat. § 84-28(f).").

F.3d 767, 772 (4th Cir. 1998)), aff'd, 853 F. App'x 859 (4th Cir. 2021). "Moreover, a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court." Manchanda v. Attorney Grievance Comm. for First Jud. Dep't, No. 23CV3356, 2023 WL 3091787, at *4 (S.D.N.Y. Apr. 26, 2023) (unpublished) (ruling that attorney could not remove state action based on "references to federal constitutional provisions . . . that [he] has apparently asserted or intends to assert in response to the [g]rievance [c]ommittee's efforts to suspend his law license"); accord, e.g., State Bar of Nevada, 2023 WL 319822, at *1; North Carolina State Bar, 2022 WL 17176839, at *2; State Bar of Cal. v. Everett, No. 17CV1716, 2017 WL 6021651, at *3 (N.D. Cal. Apr. 17, 2017) (unpublished), recommendation adopted, 2017 WL 6017772 (N.D. Cal. May 2, 2017) (unpublished); see also North Carolina State Bar v. McDaniel, No. 5:24CV321, 2024 WL 3996032, at *2 (E.D.N.C. Aug. 29, 2024) (unpublished) ("Even if the court construes [the defendant's] arguments to mean that [she] intends to present a federal defense to the State Bar's claims, a federal defense provides no basis for removal. . . . Moreover, [the defendant's] counterclaims cannot create federal question subject-matter jurisdiction for this court."), appeal dismissed, No. 24-1840, 2025 WL 586072 (4th Cir. Feb. 24, 2025) (unpublished).

13

Simply put, "[a] proceeding in which a state [bar] . . . seeks to suspend an individual's license to practice law in the state based on state law could not have been originally filed in the federal court." Manchanda, 2023 WL 3091787, at *3. "Indeed, multiple courts have held that state bar disciplinary hearings are not removable to federal court under the federal removal statutes." Id. (collecting cases); accord, e.g., Everett v. State Bar of Cal., No. 2:21CV9688, 2021 WL 6052144, at *1 (C.D. Cal. Dec. 21, 2021) (unpublished).

Nor does Defendant's reliance on Sections 1442 and 1443 warrant a different result here. As to the former statute, the Notice of Removal asserts that the Court possesses original jurisdiction over this action,

> [p]ursuant to 28 U.S.C. § 1442(a)(1) [and] (3)[,] as Defendant is an officer of the Federal Courts, and filed into the Fourth Circuit, in her individual capacity, relating to, the apprehension or punishment of criminals under Federal Law on account of the violation of her rights against forced labor and involuntary servitude.

(Docket Entry 1 at 23 (emphasis added) (stray comma omitted).) The two statutory provisions cited by Defendant state as follows:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under

14

color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

. . . .

(3) <u>Any officer of the courts of the United States</u>, for or relating to any act under color of office or in the performance of his duties[.]

28 U.S.C. § 1442(a) (emphasis added).

Like at least one other attorney before her, Defendant sought to remove a state court action brought by a state bar regarding her ability to practice law "under 28 U.S.C. § 1442 and on the ground that [s]he is an officer of the courts of the United States and that the state court action is based on an act done by h[er] under color of h[er] office or in performance of h[er] duties." <u>State of Fla. v. Shimek</u>, 356 F. Supp. 687, 687 (N.D. Fla. 1973). This Court rejects that proffered basis for removal for the reasons well-expressed by the court which previously considered it:

That lawyers admitted to practice before a court are considered officers of that court does not mean that the lawyer is an officer within the meaning of the statute here involved and under the circumstances here presented.

. . . .

Congress, in enacting the statute here involved, intended the act to apply in those cases where federal officers, and indeed the federal government itself, require a federal forum.

Clearly the Congress did not intend that a lawyer admitted to practice before this [C]ourt might use this statute as a vehicle to remove to this [C]ourt

15

> disciplinary proceedings pending against h[er] in a state
> court.

Id. at 687-88 (internal citations omitted); see also Cammer v. United States, 350 U.S. 399, 405 (1956) ("It has been stated many times that lawyers are officers of the court. . . . The [Supreme] Court [has] pointed out [before], however, that an attorney was not an 'officer' within the ordinary meaning of that term. Certainly nothing that was said in . . . case[s] decided by th[e Supreme] Court places attorneys in the same category as marshals, bailiffs, court clerks or judges. Unlike these officials a lawyer is engaged in a private profession, important though it be to our system of justice. . . . The word 'officer' as it has always been applied to lawyers conveys quite a different meaning from the word 'officer' as applied to people serving as officers within the conventional meaning of that term." (some internal quotation marks omitted)).

Finally, the Notice of Removal purports to remove this action (A) under Section 1443(1) by asserting that Defendant "has been denied, and can not enforce in the [c]ourts of the State of North Carolina her First, Fourth, Fifth, Sixth, Seventh, Thirteenth and Fourteenth Amendment [r]ights to the United States Constitution" (Docket Entry 1 at 23-24), and (B) under Section 1443(2) by asserting that she "refuses to abandon her clients' constitutional rights, refuses to commit [the] crime of withdrawing from her clients [sic] cases, and[/]or [ refuses to] violate the current

16

Wake County Order which is also a criminal offense" (id. at 24).
"The exception for removal . . . under § 1443 is narrow," Ligon,
2018 WL 10667260, at *2, as its two provisions permit removal to
federal court of only "the following civil actions . . . commenced
in a State court," 28 U.S.C. § 1443:

> (1) Against any person who is denied or cannot enforce in
> the courts of such State a right under any law providing
> for the equal civil rights of citizens of the United
> States, or of all persons within the jurisdiction
> thereof;
>
> (2) For any act under color of authority derived from any
> law providing for equal rights, or for refusing to do any
> act on the ground that it would be inconsistent with such
> law.

Id.

Taking those two provisions in reverse order, "the second
subsection of [Section] 1443 confers a privilege of removal only
upon federal officers or agents and those authorized to act with or
for them in affirmatively executing duties under any federal law
providing for equal civil rights." City of Greenwood v. Peacock,
384 U.S. 808, 824 (1966) (emphasis added). For reasons just
discussed, Defendant does not qualify as a federal officer for
purposes of the removal statutes. See Shimek, 356 F. Supp. at 687-
88; see also Cammer, 350 U.S. at 405 ("The word 'officer' as it has
always been applied to lawyers conveys quite a different meaning
from the word 'officer' as applied to people serving as officers
within the conventional meaning of that term."). Similarly, by

17

practicing law, Defendant did not become an "agent[ or other person] authorized to act with or for [federal officers] in affirmatively executing duties under any federal law providing for equal civil rights," City of Greenwood, 384 U.S. at 824. See State Bar of Cal., 2017 WL 6021651, at *2 (concluding that Section 1443(2) did not apply to attorney's removal of disciplinary action); West Virginia State Bar, 351 F. Supp. at 1122 (same).

The foregoing analysis leaves only Section 1443(1). "Two broad restrictions upon removal under [Section] 1443(1) appear on the face of that statute." Bar Ass'n of Balt. City v. Posner, 391 F. Supp. 76, 79 (D. Md. 1975); see also, e.g., State Bar of Cal., 2017 WL 6021651, at *2 ("Under [S]ection 1443(1), [a d]efendant must satisfy a two-part test to sustain removal . . . ."). "First, removal is limited to cases involving 'a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof' . . . ." Bar Ass'n of Balt., 391 F. Supp. at 79 (quoting 42 U.S.C. § 1443(1)). The Supreme Court has explained that this statutory language "applies only to laws providing for specific civil rights stated in terms of *racial equality* and not to the whole gamut of constitutional rights." West Virginia State Bar, 351 F. Supp. at 1121-22 (emphasis in original) (citing Georgia v. Rachel, 384 U.S. 780 (1966)); see also, e.g., Bar Ass'n of Balt., 391 F. Supp. at 79 (noting that language of Section 1443(1) "has been strictly

18

construed" and "'must be construed to mean any law providing for specific civil rights stated in terms of racial equality'" (emphasis omitted) (quoting Rachel, 384 U.S. at 792)), 80 ("[J]urisdiction has been held to be absent under § 1443(1) where denial of equal civil rights was alleged, but along nonracial lines" (emphasis and internal quotation marks omitted)).

Here, Defendant justifies removal under Section 1443(1) by alleging or forecasting denial of "her First, Fourth, Fifth, Sixth, Seventh, Thirteenth and Fourteenth Amendment [r]ights to the United States Constitution." (Docket Entry 1 at 23-24.) "[T]he majority of [those] cited laws do not meet the requirement that the laws themselves be stated in terms of racial equality," Ligon, 2018 WL 10667260, at *3, and Defendant has not alleged that the Wake County Superior Court has subjected (or will subject) her to "a denial of racial equality," Bar Ass'n of Balt., 391 F. Supp. at 82 (emphasis omitted). As concerns Defendant's above-quoted, reference to the Fourteenth Amendment (which, in part, prohibits race-based, state action), her allegations (at most) "raise only a general question of equal protection," id., i.e., "[t]hey are not couched in racial terms and thus cannot be the basis for § 1443(1) removal," id.

In any event, Defendant has not satisfied Section 1443(1)'s second restriction, which requires her to "show that [s]he 'is denied or cannot enforce [her equal civil rights] in the courts of [the] State,'" id. at 79 (quoting 28 U.S.C. § 1443(1)). "Th[is]

19

second limitation upon removal under § 1443(1) . . . has also been strictly construed." Id. at 80. More specifically:

> [U]nder § 1443(1), the vindication of [a] defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Ligon, 2018 WL 10667260, at *3; accord, e.g., Bar Ass'n of Balt., 391 F. Supp. at 83; West Virginia State Bar, 351 F. Supp. at 1122. This restriction precludes removal under Section 1443(1) in this case, because "[Defendant] has not shown that there is a state law preventing her from raising her federal claims in state court, nor has she shown the basis for an equally firm prediction that she will be unable to protect her federal rights in state court." Ligon, 2018 WL 10667260, at *3 (internal quotation marks omitted); see also id. ("A defendant's contention that she will be denied a fair trial in state court is not a sufficient ground for removal."); West Virginia State Bar, 351 F. Supp. at 1122 (rejecting removal under Section 1443(1) due to lack of "indication "that [the defendant's] constitutional and federal rights and claims will not be protected or enforced within the state court").

In sum, Defendant removed this case without a proper basis for this Court's exercise of subject matter jurisdiction.

20

<u>CONCLUSION</u>

This Court lacks subject matter jurisdiction over this action and Defendant's attempted removal thus cannot stand.[5]

**IT IS THEREFORE ORDERED** that Defendant's IFP Motion (Docket Entry 2) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING ENTRY OF AN ORDER REMANDING THIS CASE TO STATE COURT.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Superior Court in Wake County, North Carolina, effective August 13, 2025, unless Defendant has filed an objection, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), by August 12, 2025.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Docket Entry 3) is **TERMINATED AS MOOT.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 29, 2025

---

[5] Defendant has not invoked the jurisdiction of this Court based on diversity of citizenship under 28 U.S.C. § 1332(a) (<u>see</u> Docket Entry 1) and any such effort would fail (<u>see</u> <u>id.</u> at 2 (describing Plaintiff as "agency of the State of North Carolina"); Docket Entry 2-2 at 6 (listing "state of [Defendant's] legal residence" as "North Carolina" (italics omitted))).

21